# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 8504 | **DATE** | 1/10/2002 |
| **CASE TITLE** | Kevin Quinn, Howard Hall, and Brian McVeigh vs. Village of Elk Grove Village Board of Fire and Police Commissioners, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  For the reasons stated in the attached Memorandum Opinion and Order, this court declines to exercise supplemental jurisdiction over Count I of the plaintiff's complaint. Accordingly, Count I is dismissed without prejudice.

(11) ■ [For further detail see order attached to the original minute order.]

| ✓ | No notices required, advised in open court. | copies given out in open court | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | JAN 1 1 2002 date docketed | 9 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| vg(lc) | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| Kevin Quinn, Howard Hall, and Brian McVeigh, | )<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) No. 01 C 8504<br>) |
| | ) HONORABLE DAVID H. COAR |
| Village of Elk Grove Village Board of Fire and Police Commissioners, et al. | )<br>)<br>) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Pursuant to this court's order of November 27, 2001, defendants' have submitted a brief arguing that this court must exercise supplemental jurisdiction pursuant to 28 U.S.C. §§ 1367(a) and (c). For the following reasons, this court chooses declines to exercise supplemental jurisdiction over Count I of the plaintiff's complaint.

## Background

The plaintiffs' complaint arises out of the Spring 2001 fire lieutenant eligibility test administered by the Village of Elk Grove Board of Fire and Police Commissioners ("Board"). The plaintiffs' complaint consists of two counts. Plaintiffs bring Count I of the complaint under the Illinois Administrative Review Act, 735 ILCS 5/3-101 et seq., alleging that plaintiffs' scores on the fire lieutenant eligibility test, and their resulting rankings violate the Board of Fire and Police Commissioners Act, 65 ILCS 5/10-2.1-1.5. The plaintiffs bring Count II under 42 U.S.C. § 1983, alleging that plaintiffs' low scores and rankings on the fire lieutenant exam were the product of an effort by the defendants to retaliate against plaintiffs for the exercise of their rights



of freedom of association and speech under the First Amendment6. Pl. Compl., ¶23.

## Discussion

The defendants argue that this court may not have sufficient grounds to decline to exercise supplemental jurisdiction over plaintiffs' state law claim. This court disagrees.

28 U.S.C. §§ 1367 provides that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." §§ 1367(a). The United States Supreme Court held, however, in City of Chicago v. International College of Surgeons, 522 U.S. 156 (1997), that to say that the terms of §§ 1367(a) authorize the district courts to exercise supplemental jurisdiction over state law claims for on-the-record review of administrative decisions does not mean that the jurisdiction *must* be exercised in all cases. City of Chicago, 522 U.S. at 171. The City of Chicago Court stated "[o]ur decisions have established that pendent jurisdiction is a doctrine of discretion, not of plaintiff's right, and that district courts can decline to exercise jurisdiction over pendent claims for a number of valid reasons. Accordingly, we have indicated that district courts [should] deal with cases involving pendent claims in the manner that best serves the principles of economy, convenience, fairness, and comity which underlie the pendent jurisdiction doctrine." Id. (internal citations omitted).

Under §§ 1367(a), district courts may refuse to exercise supplemental jurisdiction over state law claim for several reasons:

(c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if --

(1) the claim raises a novel or complex issue of State law,

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. §§ 1367(c).

In this case, assuming that a district court could rightfully exercise supplemental jurisdiction over Count I of the plaintiff's complaint, this court exercises its discretion pursuant to §1367(c)(1) declines to do so. Count I of the plaintiffs' complaint raises a still novel and complex issue of state law. The determination of whether a state law is "novel" or "complex" is largely measured by the number and clarity of state court decisions addressing the law. Where there are conflicting lines of precedent interpreting the state law, or where the matter is one of first impression, districts courts will generally decline to exercise supplemental jurisdiction under §1367(c)(1). Green v. Zendrian 916 F. Supp. 493, 496-97 (D.Md. 1996); American Society of Consultant Pharmacists v. Patla, 138 F. Supp. 1062 (N.D. Ill. 2001).

The defendants contend that the issue of whether the Illinois Administrative Review Act governs the review of final actions, including promotion decisions taken by boards of fire and police commissioner, is neither novel nor complex. The defendants cite to Mueller v. Board of Fire and Police Commissioners of the Village of Lake Zurich, 267 Ill.App. 726 (2d. Dist. 1994) as evidence that Illinois law around this issue is settled. This court's review of Mueller, however, reveals that determinations concerning the construction and scope of the Illinois Administrative Review Act are indeed complex. For example, in reaching its conclusion, the Mueller court engaged in a lengthy discussion and considered the state statutory objectives of hiring, promoting, and retaining applicants on the basis of ability and merit. Evincing its expertise in Illinois state law, the Mueller court stated "we do not believe that the legislature, through mere inadvertence or happenstance, intended to shield from review all other personnel

decisions of these boards except for those involving discharge or removal solely because reference to the Review Law occurs in section 10-2.1-17 of the Code." Mueller, 267 Ill.App. 3d at 732. In this court's view, fairness, economy, and deference to the special interests of state courts in resolving issues of state law demand that such determinations be made by those courts who are familiar with the statutory scheme and objectives of the Illinois Administrative Review Act. While there may be some slight factual overlap between the state and federal claims, the legal issues are sufficiently distinct that there is no substantial inefficiency in having the two claims proceed in different courts.

## Conclusion

For the foregoing reasons, this court declines to exercise supplemental jurisdiction over Count I of the plaintiff's complaint. Accordingly, Count I is dismissed without prejudice.

**Enter:**

_____

**David H. Coar**

**United States District Judge**

**Dated:** JAN 1 0 2002