Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 8504 | **DATE** | 1/21/2003 |
| **CASE TITLE** | Kevin Quinn, et al. vs. Village of Elk Grove Board of Fire and Police Commissioners | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendant's Motion to Alter or Amend Judgment

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons given in the attached memorandum opinion, Defendants Motion to Alter or Amend Judgment is granted to the extent it requests a clarification on the Court's prior ruling on summary judgment. To the extent it requests that Defendants be granted qualified immunity, the motion is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | JAN 2 2 2003 | 47 |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | | | date mailed notice | |
| jar/lc | courtroom deputy's initials | | | |
| | | | Date/time received in Central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



DOCKETED
JAN 2 2 2003

KEVIN QUINN, HOWARD HALL, and )
BRIAN McVEIGH )
 )
 )
Plaintiffs, )
 ) No. 01 C 8504
v. )
 ) HONORABLE DAVID H. COAR
VILLAGE OF ELK GROVE BOARD OF )
FIRE AND POLICE COMMISSIONERS, et )
al. )
 )
Defendants. )

## MEMORANDUM OPINION AND ORDER

This case comes before the Court on Defendants' Motion to Alter or Amend Judgment or for Other Relief pursuant to Federal Rules of Civil Procedure 59(e) and 60(b). The motion is granted to the extent that it requires a clarification of this Court's prior ruling on the Defendants' Motions for Summary Judgment.

### Discussion

The sole issue presented in Defendant's Motion is whether the Defendants should receive qualified immunity on Plaintiffs' First Amendment retaliation claim. In evaluating the defense of qualified immunity, the initial step is to determine whether the facts, as alleged, would constitute a violation of the plaintiffs constitutional rights. Saucier v. Katz, 533 U.S. 194, 201 (2001) (determining whether a constitutional violation is alleged "must be the initial step"). If the facts do show a constitutional violation, the Court must next examine whether the right was clearly established "in light of the specific context of the case." Id. The Supreme Court clarified

1



that, for this second step, "[t]he relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." Id. at 202.

It is clear from the case law, as well as from the Court's summary judgment opinion (mem. op. of 12/23/02, at 8), that Plaintiffs' facts, if proven to a jury, make out a constitutional violation. For the sake of clarity, the Court will briefly recount the analysis. In order to make out a First Amendment violation, Plaintiffs must have demonstrated that their activities were constitutionally protected and that the protected activities were a substantial or motivating factor in the employer's decision. Stagman v. Ryan, 176 F.3d 986, 999 (7th Cir. 1999) (citing Mt. Heathy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 287 (1977)). Here, Plaintiffs' active role in the union is protected by the freedom of association the First Amendment affords. See, e.g., Marshall v. Allen, 984 F.2d 787, 799 (7th Cir. 1993) ("most of the reported cases in this area revolve around an employee's right to associate in order to express political ideas through a union"). Their opinions about current statutes (the Fair Labor Standards Act) and pending legislation (the firefighter promotion act) statutes were clearly protected by the freedom of speech the First Amendment provides, as the subjects involve matters of public concern. As discussed at length in the Court's summary judgment opinion, Plaintiffs have also offered sufficient evidence to submit to a jury whether the protected activities were a substantial or motivating factor in the Defendant's decision. (Mem. Op. of 12/23/02, at 9–13)

Though Plaintiffs have satisfied the initial inquiry, the second step is often more critical to the qualified immunity analysis. To reiterate, the question at the second step is "would it be clear to a reasonable officer that his conduct was unlawful in the situation he confronted."

2

Saucier v. Katz, 533 U.S. at 202. Although it was not clear from the Court's summary judgment opinion, the answer to this question for these Defendants is yes, it would be clear to a reasonable officer that failing to promote firefighters because of their union activities and speech relating to union issues is unlawful.

For the purposes of this motion (which is a continuation of the Defendants' summary judgment motions), the Court makes reasonable inferences in favor of the Plaintiffs. With this procedural posture, the Court must assume that the Defendants failed to promote Plaintiffs because of their union activities and their speech on union issues. As to that motivation, the law is abundantly clear. "It has been well established for many years in this Circuit that a public employer may not retaliate against an employee who exercises his First Amendment speech rights." Gustafson v. Jones, 117 F.3d 1015, 1021 (7th Cir. 1997).

There have been several published cases, in this circuit and elsewhere, that deal directly with the First Amendment and firefighters' unions. See Int'l Ass'n of Firefighters, Local No. 3898 v. City of Kansas City, 220 F.3d 969 (8th Cir. 2000) (finding a rule prohibiting supervisory firefighters from joining a separately organized union that is affiliated with the union of the rank and file violates the First Amendment); Balton v. City of Milwaukee, 133 F.3d 1036 (7th Cir. 1998) (addressing complaint that firefighters were unlawfully retaliated against for failure to pay union dues); Messman v. Helmke, 133 F.3d 1042 (7th Cir. 1998) (upholding union-based restriction on firefighters participating in other firefighting duties elsewhere when they are not working); York County Firefighters Ass'n v. County of York, 589 F.2d 775 (4th Cir. 1978) (addressing complaint that firefighters were deprived of First Amendment freedom of association by local regulations that prevented supervisory personnel from membership in rank and file

3

unions); Elk Grove Firefighters v. Willis, 400 F. Supp. 1097 (N.D. Ill. 1976) (same as York County), aff'd, 539 F.2d 714 (7th Cir. 1976) (summary disposition). These cases establish that a municipality could flatly prohibit supervisory personnel in the fire department from participating in the same union as the rank and file, as the state interest in an efficient fire department has been found to outweigh the firefighters First Amendment associational rights. See York County Firefighters Ass'n, 589 F.2d at 776–77. Indeed, the very same fire department that employs Plaintiffs formerly had this exact prohibition on supervisory personnel participating in the same union as the rank and file in place. See Elk Grove Firefighters v. Willis, 400 F. Supp. at 1103.

In this case, however, the Defendants have neither asserted nor established that the promotions Plaintiffs sought would elevate them to the level of a supervisor, though they have had ample opportunity to do so. This case has proceeded through discovery to summary judgment without any indication from the Defendants that the Plaintiffs were set to become supervisors. When asked during the final pretrial conference whether they sought to establish that Plaintiffs would become supervisors, Defendants were only able to highlight a footnote in their reply brief supporting summary judgment. (Def. Rep. to Pl. Mem. in Opp. Def. Mot. Sum. J. at 5, n.3) This is a patently insufficient means to establish what could be a dispositive fact. The Court will not assume facts about the organizational structure of the Elk Grove Village Fire Department. As the Seventh Circuit recently declared, "First Amendment rights cannot be trampled based on hypothetical concerns that a governmental employer never expressed." Gustafson v. Jones, 290 F.3d 895, 910 (7th Cir. 2002).

Thus, in the "specific context of the case", Saucier v. Katz, 533 U.S. at 201, Defendants' position is that Plaintiffs' union activities were not a substantial motivating factor in the

4

promotion decision. It is clearly established law that a public employer may not base promotion decisions on their employees exercise of First Amendment rights. See <u>Rutan v. Republican Party of Illinois</u>, 497 U.S. 62, 72 (1990) ("the government may not . . . deny a benefit [such as promotion] to a person because of his constitutionally protected speech or associations . . . ."); <u>Gustafson v. Jones</u>, 117 F.3d at 1021. Therefore, Defendants are not entitled to qualified immunity on Plaintiffs claim.

**Enter:**

David H. Coar
United States District Judge

**Dated: January 21, 2003**